UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-378-CHL

RITA TOWNSEND,                         Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,            Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the complaint (DN 1) of plaintiff Rita Townsend ("plaintiff"). In her complaint, plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). *See* 42 U.S.C. § 405(g) (2012) ("Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."). Plaintiff filed a Fact and Law Summary (DN 17). The Commissioner also filed a Fact and Law Summary (DN 19).

The parties have consented to the jurisdiction of a magistrate judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 16.) Therefore, this matter is ripe for review. For the reasons set forth below, the final decision of the Commissioner is affirmed.

I.   BACKGROUND

Plaintiff protectively filed an application for disability insurance and supplemental social security benefits on February 12, 2013, alleging that she became disabled on February 12, 2013. (Tr. 96, 459.) On March 16, 2015 Administrative Law Judge ("ALJ") William C. Zuber

1

conducted a hearing on both applications. Plaintiff was present and represented by counsel, Nathan Haney. Tricia Oakes, a vocational expert, also testified by telephone. In a decision dated July 14, 2015, the ALJ engaged in the five-step evaluation process promulgated by the Commissioner to determine whether an individual is disabled. In doing so, the ALJ made these findings.

1. Plaintiff met the insured requirements of the Social Security Act through June 30, 2018. (Tr. at 21.)

2. Plaintiff has not engaged in substantial gainful activity since February 12, 2013, the alleged onset date. (*Id*.)

3. Plaintiff has the following severe impairments: morbid obesity; degenerative disc disease of the lumbar spine; chronic obstructive pulmonary disease ("COPD"); congestive heart failure; depression; and anxiety. (*Id*.)

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 24.)

5. Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a) except no more than occasional stooping and crouching and no crawling, kneeling, climbing ladders, ropes, scaffolds, exposure to dust, fumes, gases or odors, temperature extremes, humidity, dangerous machinery or unprotected heights. Plaintiff can perform simple unskilled routine tasks with occasional contact with coworkers and supervisors, no contact with the general public, and rare and gradually introduced

changes in the routine work environment while sustaining concentration, persistence, or pace for two-hour periods at a time. (*Id*. at 25.)

      6.      Plaintiff is unable to perform any past relevant work. (*Id*. at 27.)

      7.      Plaintiff was born on September 19, 1967 and was 45-years old, which is defined as a younger individual age 45-49, on the alleged disability onset date. (*Id*. at 28.)

      8.      Plaintiff has a limited education and is able to communicate in English. (*Id*.)

      9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that plaintiff is not disabled, whether or not plaintiff has transferable job skills. (*Id*.)

      10.      Considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (*Id*.)

      11.      Plaintiff has not been under a disability, as defined in the Social Security Act, from February 12, 2013, through the date of this decision. (*Id*. at 29.)

Plaintiff requested an appeal to the Appeals Council, which denied her request for review on May 20, 2016. At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210(a); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Plaintiff timely filed this action on June 16, 2016.

## II.    DISCUSSION

The Social Security Act authorizes payment of disability insurance and supplemental social security benefits to persons with disabilities. Social Security Act, Disability Insurance Benefits, 42 U.S.C. §§ 401-34 (2012); Social Security Act, Supplemental Social Security Income, 42 U.S.C. §§ 1381-85 (2012). An individual shall be considered disabled if "he is

unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a).

### A. Standard of Review

In conducting its review, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Sec'y of Health and Human Servs.*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972)). Rather, the Court's review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and that the correct legal standards were applied. 42 U.S.C. § 405(g); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011). If the answer is "yes," then the Court may not even inquire as to whether the record could support a decision the other way. *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sec'y of Health and Human Servs.*, 2 F.3d 692, 695 (6th Cir. 1993) (quoting *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)) (internal quotation marks omitted). Therefore, "[a] reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart*, 710 F.3d at 374.

B.  **Five-Step Sequential Evaluation Process**

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows.

1) Is the claimant engaged in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to perform basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1 to Subpart P of Part 404 of this chapter? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

4) Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

5) Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

*Id.*

The claimant bears the burden of proof with respect to the first four steps. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422-23 (6th Cir. 2008). The burden shifts to the Commissioner at the fifth step to prove that there are available jobs in the national economy that

the claimant is capable of performing. *Id*. at 423. The claimant, however, always retains the burden of proving lack of RFC. *Herr v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C.     Plaintiff's Contentions

Plaintiff's Fact and Law Summary consists of the following: "I can't have sergery [sic] will not make it. (on back)." Plaintiff also lists the following conditions on her Fact and Law Summary: heart failure, COPD, depression, and bipolar disorder. (DN 17 at 1.) Plaintiff also attaches a note (DN 17 at 2) from her treating physician, Dr. Kunnathu P. Geervarghese, to her Fact and Law Summary. As a result, it is not clear to the Court exactly what plaintiff's contentions are, other than possibly that these conditions generally render her disabled and prevent her from working.

Normally, issues addressed in a "perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." *See United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 996-96 (6th Cir. 1997)) (internal quotation marks omitted). The Court, however, also recognizes that plaintiff is not represented by counsel. That being said, it would be "entirely inappropriate for the Court to provide the same level of analysis to Social Security benefits claimants who do provide briefs in support of their claims and those who do not." *Parker v. Comm'r of Soc. Sec.*, No. 5:16 CV 278, 2017 WL 2859801, at *3 (N.D. Ohio May 9, 2017), *report and recommendation adopted Parker v. Comm'r Soc. Sec.*, No. 5:16-CV-278, 2017 WL 2840763 (N.D. Ohio July 3, 2017). This would "create a perverse incentive for Social Security claimants to abstain from arguing in support of their claims." *Id*. Thus, the Court will first address the note attached to plaintiff's Fact and Law

Summary. The Court will then briefly address why there is substantial evidence to support the ALJ's decision that the conditions identified by plaintiff do not render her disabled.[1]

### 1. Physician's Note Attached to Fact and Law Summary

As an initial matter, the Court recognizes that the note from Dr. Geervarghese indicated that plaintiff was unable to perform any form of gainful employment and was not even able to take care of herself due to her multiple medical problems. However, the Court cannot consider new evidence, such as this note, that was not considered by the ALJ in determining whether to uphold, modify, or reverse the ALJ's decision. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision.") (citing *Cotton v. Sec'y of Health and Human Servs.*, 2 F.3d 692, 696 (6th Cir. 1993)).

There is an exception to this rule pursuant to sentence six of 42 U.S.C. § 405(g). Under sentence six, the Court is permitted to consider additional evidence if plaintiff demonstrates (1) the evidence is "new" and "material"; and (2) there is "good cause" for the failure to present the evidence to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing *Foster*, 279 F.3d at 357). Plaintiff, however, has not requested that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g). *Cf. Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) ("There is no backdoor route to get new

---

[1] The Court notes that this task is made even more difficult given that many of the medical records are illegible. This makes the absence of any argument by plaintiff even more problematic.

evidence considered for the first time at the court of appeals level; the only method to have new evidence considered is to *ask* for a sentence six remand under 42 U.S.C. § 405(g) . . . .") (emphasis added). Consequently, the Court finds that the note of Dr. Geervarghese may not be considered in determining whether to uphold, modify, or reverse the ALJ's decision.

### 2. Bipolar disorder

The Court recognizes that plaintiff testified that she suffers from bipolar disorder. (Tr. 513.) However, as the Commissioner notes, the record indicates that she was hospitalized with depression and anxiety in October 2012 and diagnosed with major depressive disorder, recurrent, moderate without psychotic features; her primary care physician also diagnosed her with major depression in January 2013. (Tr. 224-38, 451.) Plaintiff has not identified any medical record that shows that she has been diagnosed with bipolar disorder. Consequently, the Court finds that the ALJ did not err in failing to list bipolar disorder as an impairment, severe or otherwise.

### 3. Back surgery

The Court is not aware of any record that recommends or mandates back surgery for plaintiff, or that there is another condition that prevents her from having back surgery. Rather, the record shows that plaintiff has degenerative disc disease that has been treated with a series of steroid injections and medication. (*See, e.g.*, Tr. 247 [steroid injection on 1/18/13]; 249 [steroid injection on 10/12/2012]; 254 [steroid injection on 7/6/12]; 256 [steroid injection on 4/27/12]; 379 [steroid injection on 1/16/15]; 382 [steroid injection on 10/13/14]; 385 [steroid injection on 7/11/14]; 388-458 [medication refills].)

Furthermore, the ALJ took into account plaintiff's back condition, exacerbated by morbid obesity, when formulating the RFC. Importantly, the ALJ did not wholly discount plaintiff's

testimony regarding her limitations due to her degenerative disc disease in formulating the RFC. Rather, the ALJ took them into account and limited her to sedentary work with no more than occasional stopping and crouching and no crawling, kneeling, or climbing ladders, ropes, scaffolds, exposure to dust, fumes, gases or odors, temperature extremes, humidity, dangerous machinery or unprotected heights. (*Id*. at 27.) Consequently, and without more explanation from plaintiff, the Court finds no error with respect to this issue.

### 4. Heart disease, COPD, and depression

With respect to the remaining conditions – heart disease, COPD, and depression – the ALJ recognized them as severe impairments. The ALJ also determined that none of these conditions were severe enough to meet a listing, which would have automatically rendered plaintiff disabled. Rather, as the Commissioner pointed out, the ALJ determined that her congestive heart failure does not meet Listing 4.02 because the evidence does not establish systolic failure with an ejection fraction of 30% or less during a period of stability. (Tr. 42, 321 [radiologic report showing moderate congestive failure and vascular congestion].) The ALJ determined that the COPD did not meet Listing 3.02 or 3.03 because the record contains no spirometry results or abnormal blood gas levels, and her breathing problems responded to treatment. (Tr. 42, 336 [symptoms of COPD improved with treatment].) With respect to the depression, the ALJ found that plaintiff did not meet Listing 12.04 and 12.06, noting that plaintiff only had moderate difficulties in activities of daily living, social functioning, concentration, persistence, and pace, and that she had experienced no episodes of decompensation. (*Id*. at 25.) The ALJ relied on plaintiff's own testimony and the record evidence in making these determinations, and she does not contest the accuracy of them.

Furthermore, the ALJ did not ignore these severe impairments in formulating the RFC. Rather, the ALJ evaluated and considered the record evidence, plaintiff's testimony, to the extent that he found it credible, and a state agency assessment to formulate the RFC. The ALJ crafted limitations to take into account plaintiff's mental impairments, limiting her to performing simple, unskilled routine tasks with occasional contact with co-workers and supervisors; no contact with the general public, rare and gradually-introduced changes in the routine work environment; and two-hour periods of sustained concentration, persistence, or pace. In doing so, the ALJ imposed more restrictions on plaintiff's mental limitations than what was recommended by the state agency consultant. Plaintiff has pointed to no evidence that the ALJ failed to consider and give weight to any limitation imposed by a treating physician.

With respect to plaintiff's physical limitations, the ALJ noted that, while she has been diagnosed with lumbar spondylolisthesis at L5-S1, she had no more than moderate restriction of motion; furthermore, subsequent examinations were normal other than some tenderness and edema. (Tr. 293, 414, 439, 448.) Moreover, her primary care physician had not referred her to an orthopedic surgeon or for imaging. (*Id.* at 388-458.) Although the Court notes that plaintiff testified that she receives three nebulizer treatments a day, there is no evidence as to how long these treatments last or whether they would impair or restrict her ability to work. (Tr. 507.) Moreover, the ALJ noted that plaintiff's various conditions, including her breathing problems, were overall under control with medications. The ALJ found that plaintiff's primary issue was morbid obesity, exacerbated by cardiac, pulmonary, and back conditions, and therefore accounted for them in the RFC. The ALJ limited plaintiff to no more than occasional stooping and crouching and no crawling, kneeling, climbing ladders, ropes, scaffolds, exposure to dust,

fumes, gases or odors, temperature extremes, humidity, dangerous machinery or unprotected heights. Again, plaintiff has pointed to no evidence that the ALJ failed to consider and give weight to any physical limitation imposed by a treating physician.

In sum, the RFC crafted by the ALJ took into account the fact that, while severe, plaintiff's ailments were not disabling, and that decision was supported by substantial evidence; plaintiff has not shown otherwise. *See Foster v. Halter*, 279 F.3d 348, 354 (noting that the claimant has the burden to demonstrate that her impairments meet a listing and, if the impairments do not meet a listing, that she is incapable of performing work). Therefore, the Court finds no error with respect to these issues.

### III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

(1) The final decision of the Commissioner of Social Security is **AFFIRMED** and this action is **DISMISSED** with prejudice.

(2) A final judgment will be entered separately.


cc: Counsel of record
    Pro se plaintiff